

1  MELINDA HAAG (CABN 132612)
   United States Attorney
2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10                  SAN JOSE DIVISION

11  UNITED STATES OF AMERICA,           )   No. CR 12 877 PSG
                                        )
12          Plaintiff,                  )
                                        )   VIOLATION:  31 U.S.C. §§ 5314 and
13          v.                          )   5322(a) (Willfully Violating Foreign Bank
                                        )   Account Reporting Requirements)
14  CHRISTOPHER B. BERG,                )
                                        )
15          Defendant.                  )   SAN JOSE VENUE
                                        )
16  _____

17                      INFORMATION

18  The United States Attorney charges that:

19                  General Allegations:

20       1.    At all times material to this Information, the defendant, CHRISTOPHER B.

21  BERG ("Berg"), was a resident of Portola Valley, California, and was a self-employed marketing

22  consultant.

23       2.    At all times material to this Information, Union Bank of Switzerland AG ("UBS")

24  was the largest bank in Switzerland and one of the largest banks in the world.

25       3.    Citizens and residents of the United States who have a financial interest in, or

26  signature authority over, a financial account in a foreign country with an aggregate value of more

27  than $10,000 at any time during a calendar year are required to file with the U.S. Treasury a

28  Report of Foreign Bank and Financial Accounts on Form TD F 90-22.1 (an "FBAR").

1   The FBAR for any given calendar year is due by June 30 of the following year.

2       4.      Citizens and residents of the United States also have an obligation to indicate on

3   Schedule B of U.S. Individual Income Tax Return (Form 1040), whether they had an interest in

4   a financial account in a foreign country by checking "Yes" or "No" in the appropriate box and

5   identifying the country where the account was maintained.  Taxpayers also are obligated to report

6   all income earned from foreign bank accounts on their tax returns.

7       5.      On February 18, 2009, as part of a deferred prosecution agreement with the

8   United States government, UBS admitted that it participated in a scheme to defraud the United

9   States by actively assisting numerous U.S. taxpayers in concealing their financial interests from

10  the Internal Revenue Service ("IRS").  From 2000 to 2007, UBS employees facilitated the

11  establishment of offshore shell corporations in whose names UBS opened accounts, but which

12  were in reality controlled by U.S. investors.  The facade created by these shell corporations

13  enabled numerous U.S. investors to evade reporting requirements and to conceal income from the

14  IRS.

15      6.      As part of the scheme, UBS private bankers and managers facilitated the creation

16  and the retention of IRS forms that falsely indicated that offshore shell corporations were the

17  actual beneficiaries of accounts.  UBS private bankers and managers also met with their U.S.

18  investors in person on a regular basis to discuss investments.  These false forms and meetings

19  helped the U.S. investors conceal from the IRS the active trading of securities held in such

20  accounts and the making of payments to or from such accounts.

21                          BERG's UBS Accounts:

22      7.      In or about the summer of 1999, BERG began working as a consultant in the

23  furniture industry.

24      8.      In or about 2000, BERG met with representatives of UBS in San Francisco,

25  California regarding setting up a foreign bank account at UBS to shelter a portion of BERG's

26  consulting income from taxation.  BERG met with Beda Singenberger, a Swiss financial

27  consultant, and Banker Two, Vice President of Banking at UBS.

28  //

Information                          2

9.     On or about March 17, 2000, CC Ventures, Inc. was incorporated in the British Virgin Islands with the instruction and assistance of Beda Singenberger.  BERG was not a shareholder, director, or officer of CC Ventures, Inc.

10.    On or about March 21, 2000, account number XXXX-XX0393 in the name of CC Ventures, Inc. was opened at UBS.

11.    On or about March 21, 2000, a document entitled "Verification of beneficial owner's identity" for account number XXXX-XX0393 was executed indicating that BERG and his wife were the beneficial owners of said UBS account in the name of CC Ventures, Inc.

12.    On or about August 9, 2002, at the instruction and advice of Beda Singenberger, Empire Global Limited was incorporated in Hong Kong.  BERG was not a shareholder, director, or officer of Empire Global Limited.

13.    On or about October 2, 2002, account number XXXX-XX2619 in the name of Empire Global Limited was opened at UBS.  This account was funded with money and assets transferred from the CC Ventures, Inc. account number XXXX-XX0393, which was then closed.

14.    On or about October 2, 2002, a document entitled "Verification of beneficial owner's identity" for account number XXXX-XX2619 was executed indicating that BERG and his wife were the beneficial owners of said UBS account in the name of Empire Global Limited.

<u>Use of the UBS Accounts</u>

15.    From approximately March 2000 through December 2005, BERG owned and controlled and used these UBS accounts to deposit, hold, and hide income he earned in the United States from his consulting work.

16.    Beginning in or about 2001 and continuing through in or about 2005, at the instruction of BERG, funds representing $642,069.80 in compensation earned by BERG from consulting were deposited by wire transfer to the UBS accounts in the names of CC Ventures, Inc. and Empire Global Limited.

17.    In or about November 2001, BERG withdrew approximately $28,000 from the UBS account to purchase a vehicle.

18.    In or about January 2002, BERG personally instructed bankers at UBS to issue

Information                                3

1    him cash in the amount of $19,000, in $100 denominations, from the UBS account, which BERG

2    picked up in person at a bank in Florence, Italy.

3        19.    In or about May 2002, BERG personally instructed bankers at UBS to issue him

4    cash in the amount of €10,000 on June 3, 2002, and $19,000 on June 26, 2002, from the UBS

5    account, which BERG picked up in person at a bank in Paris, France.

6        20.    In or about September 2003, BERG withdrew $20,000 from the UBS account

7    while on vacation in Europe.

8        21.    BERG used a Eurocard bank card associated with the UBS account numerous

9    times while in Europe.  The bills for this Eurobank bank card were paid in full with funds from

10   the UBS account.

                    BERG's Failure to Report the Foreign Bank Accounts

12       22.    BERG engaged a Certified Public Accountant to prepare his individual income

13   tax returns for the years 2002 through 2005.  BERG completed a Client Organizer for each of the

14   years 2002 through 2005 on which he marked the "No" box in response to the question "Did you

15   have an interest in or signature or other authority over a financial account in a foreign country,

16   such as a bank account, securities account, or other financial account?"

17       23.    BERG and his wife filed joint federal income tax returns for the years 2001

18   through 2005.  For each of those years, he earned interest, dividends, and capital gains on the CC

19   Ventures, Inc. and Empire Global Limited accounts that he was required to report on his income

20   tax return but failed to disclose.  For the years 2001 through 2005, as BERG knew and intended,

21   his returns included a Schedule B that disclosed other items of interest income, but on which

22   BERG falsely marked "No" in response to the question seeking disclosure of foreign financial

23   accounts.  BERG also did not file any FBARs for 2001 through 2005 or otherwise disclose the

24   UBS accounts in the name of CC Ventures, Inc. or Empire Global Limited to the IRS during that

25   time period.

26       24.    For the years 2001, 2002, 2004, and 2005, BERG's returns did not report

27   consulting income he earned that was deposited to the UBS accounts in the name of CC

28   Ventures, Inc. and Empire Global Limited.

Information                                    4

1    25.    In or about December 2005, BERG's account in the name of Empire Global

2    Limited at UBS had a balance of more than $530,000.

3    26.    The tax harm resulting from BERG's conduct is $270,757.

4    COUNT ONE - (31 U.S.C. §§ 5314 AND 5322(a) - Willful Violation of Foreign Bank Account
                                    Reporting Requirements)

6    27.    Paragraphs 1 to 27 are re-alleged and incorporated by reference as though fully

7    set forth herein.

8    28.    On or about June 30, 2006, in the Northern District of California and elsewhere,

9    the defendant,

10                               CHRISTOPHER BERG,

11   did knowingly and willfully violate the requirements prescribed by the United States Secretary of

12   the Treasury, as codified at Title 31, Code of Federal Regulations, § 103.24(a), to report a

13   financial interest in a bank, securities, and other financial account in a foreign country in calendar

14   year 2005; to wit, the defendant failed to file an FBAR disclosing his financial interest in an

15   account at UBS in Switzerland, which had a value of greater than $10,000 during calendar year

16   2005.

17   All in violation of Title 31, United States Code, Sections 5314 and 5322(a).

18   Dated:                                    MELINDA HAAG
                                               United States Attorney
19

20

21                                             MIRANDA KANE
                                               Chief, Criminal Divison
22

23   Approved as to Form:

24

25   ELIZABETH C. HADDEN
     MARGARET LEIGH KESSLER
26   Trial Attorneys
     United States Department of Justice
27

28

Information                          5

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☒ INFORMATION  ☐ INDICTMENT
☐ SUPERSEDING

| Name of District Court, and/or Judge/Magistrate Location |
| --- |
| NORTHERN DISTRICT OF CALIFORNIA |
| SAN JOSE DIVISION |

### OFFENSE CHARGED

31 U.S.C. §§ 5314 and 5322(a) -
Willfully Violating Foreign Bank
Account Reporting Requirements

☐ Petty
☐ Minor
☐ Misde-
    meanor
☒ Felony

PENALTY:

31 U.S.C. §§ 5314 and 5322(a) - 5 years prison, $250k fine or
twice the gross gain/loss, which ever is greater, 3 years
supervised release, $100 assessment

**DEFENDANT - U.S.**

▶ CHRISTOPHER B. BERG

DISTRICT COURT NUMBER

CR 12 877

LHK

PSG

### PROCEEDING

Name of Complainant Agency, or Person (&Title, if any)

INTERNAL REVENUE SERVICE

☐ person is awaiting trial in another Federal or State
Court, give name of court

☐ this person/proceeding is transferred from another
district per (circle one) FRCrP 20, 21 or 40. Show
District

☐ this is a reprosecution of
charges previously dismissed
which were dismissed on
motion of:
    ☐ U.S. Att'y  ☐ Defense

☐ this prosecution relates to a
pending case involving this same
defendant

☐ prior proceedings or appearance(s)
before U.S. Magistrate regarding
this defendant were recorded under

SHOW
DOCKET NO.

MAGISTRATE
CASE NO.

Name and Office of Person
Furnishing Information on  MELINDA HAAG
THIS FORM
☒ U.S. Att'y  ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)   THOMAS MOORE, AUSA, Chief Tax Div

### DEFENDANT

**IS NOT IN CUSTODY**

1) ☒ Has not been arrested, pending outcome this proceeding.
        If not detained give date any prior summons
        was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other     } ☐ Fed'l  ☐ State
        charges

If answer to (6) is "Yes", show name of institution

Has detainer     ☐ Yes     If "Yes"
been filed?      ☒ No       give date
                            filed

                            Month/Day/Year

**DATE OF
ARREST**

Or... if Arresting Agency & Warrant were not

                            Month/Day/Year

**DATE TRANSFERRED
TO U.S. CUSTODY**

☐ This report amends AO 257 previously submitted

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS  ☒ NO PROCESS*  ☐ WARRANT     Bail Amount:

If Summons, complete following:
    ☐ Arraignment  ☐ Initial Appearance     *Where defendant previously apprehended on complaint, no new summons
Defendant Address:                           or warrant needed, since Magistrate has scheduled arraignment

                                Date/Time:

                                Before Judge:

Comments: